Alan I. Schimmel (SBN 101328)
aischimmel@spattorneys.com
Michael W. Parks (SBN 154531)
msparks@spattorneys.com
Stacey R. Cutting (SBN 265993)
srcutting@spattorneys.com
SCHIMMEL & PARKS
15303 Ventura Blvd., Suite 650
Sherman Oaks, California 91403
Telephone: (818) 464-5061
Facsimile: (818) 464-5091

Attorneys for Plaintiff
KIMBERLEY COLVIG

Yvonne Arvanitis Fossati (SBN 161764)
fossatiy@jacksonlewis.com
Hazel U. Poei (SBN 214928)
poeih@jacksonlewis.com
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone: (213) 689-0404
Facsimile: (213) 689-0430

Attorneys for Defendants
MARIANNA INDUSTRIES, INC. and
ATEF HALAKA

THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLEY COLVIG, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MARIANNA INDUSTRIES, INC ET AL., a Delaware Corporation; and DOES 1 through 100, Inclusive,<br><br>Defendants. | **CASE NO.: 2:15-CV-09070-ODW-GJS**<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER PRECLUDING DISCLOSURE OF CONFIDENTIAL AND/OR PROPRIETARY INFORMATION**<br><br>**SEE CHANGES MADE BY THE COURT IN BOLD**<br><br>Complaint Filed: September 28, 2015<br>Trial Date: January 31, 2017 |

**TO THE HONORABLE COURT AND TO ALL INTERESTED PARTIES:**

Plaintiff Kimberley Colvig ("Plaintiff"), on the one hand, and Defendants Marianna Industries, Inc. and Atef Halaka ("Defendants"), on the other hand, including, but not limited to the parent corporation, affiliates, subsidiaries, and divisions of Marianna Industries, Inc. (hereinafter referred to collectively as "MII")[1] move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined) and, as grounds therefore, state as follows:

1. In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in Paragraph 2 below). Both Parties have and hereby do represent that they have taken steps to protect certain documents and information potentially subject to disclosure through informal or formal discovery or otherwise subject to disclosure in the litigation as confidential, proprietary and/or trade secret. The Parties wish to ensure that both Parties are in a position to produce all responsive documents in the litigation while still protecting their confidential, proprietary and trade secret information and pursuing steps to minimize, if not eliminate, any violation of third party privacy rights due to the disclosure of third party information. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court to enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein. **The parties are admonished that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.**

2. **Acknowledgement re: Filing Under Seal.**

---

[1] Plaintiff and Defendants are hereinafter referred to jointly as the "Parties."

1	The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  *See* <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1176 (9th Cir. 2006), <u>Phillips v. Gen. Motors Corp.</u>, 307 F.3d 1206, 1210-11 (9th Cir. 2002), <u>Makar-Welbon v. Sony Electrics, Inc.</u>, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal.  The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  *See* <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

**Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.**

3. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public – and designated by one of the Parties in the manner provided in Paragraph 3 below. Further, Defendants contend that the following categories of documents constitute "Confidential Information" and designates them as such:

   a. information concerning MII's employee payment structures and compensation plans, including but not limited to incentive summaries and all information used to calculate commissions and other incentive payments to MII's current and former employees;

   b. information concerning MII's compensation ranges or structures for current and former employees and criteria for performance evaluation;

   c. information pertaining to MII's clients, including but not limited to contact information of decision makers and other relevant individuals associated with MII's clients and client preferences;

   d. personnel records, including compensation history, performance reviews, disciplinary action and personal identification information (including Social Security numbers, phone numbers and addresses) of MII's current and former employees;

   e. reports related to MII"s sales and marketing efforts and trends applicable to MII's industry;

   f. information and materials related to MII's sales and marketing efforts;

g. MII's sales training materials; and

h. proprietary and confidential financial information relating to MII.

Plaintiff does not stipulate that the foregoing categories of documents constitute "Confidential Information" but does not dispute that Defendants may designate them as such pursuant to Paragraph 3. Plaintiff reserves the right to dispute any such designation pursuant to Paragraph 14. The parties agree that "Confidential Information" may include any material qualifying for protection under Fed. R. Civ. P. 26(c) and pursuant to this Protective Order.

4. <u>Confidential Designation</u>.

Defendants, Plaintiff, or any third party as to documents produced by the third party pursuant to discovery or subpoena, may designate as "CONFIDENTIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" any document, deposition testimony, information, or material disclosed through formal or informal discovery or otherwise in the course of this litigation as hereinafter set forth in Paragraphs 4, and 5. The Parties shall act in good faith and on a reasonable basis when designating material as "CONFIDENTIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" and shall indicate their understanding and intention to be bound by the provisions of this Protective Order by executing the "Confidentiality Agreement" attached hereto as Exhibit A.

4. <u>Limitations on Access to Documents Designated "CONFIDENTIAL."</u> Except upon prior written consent of the party asserting "CONFIDENTIAL" treatment or upon order of a court of competent jurisdiction or pursuant to a lawful subpoena issued in another action, documents, testimony, information or material designated as "CONFIDENTIAL" shall be held in strict confidence and shall be used solely for the purposes of prosecution, defense, or settlement of this action and for no other purpose. Material designated as "CONFIDENTIAL" shall not be used in any other lawsuit, action, or other matter. Nothing in this Order restricts the ability of any party to use or disclose

its own Confidential Information. Access to "CONFIDENTIAL" documents, testimony, information or material shall be limited to:

   a. The Parties (including any officer, director, employee or agent of MII who is deemed reasonably necessary or appropriate by counsel in good faith to aid in the prosecution, defense or settlement of this action), counsel for the Parties hereto, clerks, secretaries, paralegals, investigators, and legal assistants, court or stenographic reporters retained to report a deponent's testimony taken in this litigation, and firms retained by counsel to provide litigation services and the employees of said firms;

   b. Experts and consultants (including independent experts and consultants, and employees or clerical assistants of said experts) who are employed, retained or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies or providing opinions to assist in such litigation;

   c. Dispute resolution providers, including mediators, arbitrators and any other individuals employed by the Parties for the purpose of alternative dispute resolution;

   d. Court and administrative personnel, including judges, court reporters, law clerks and clerks engaged in proceedings in this case; and

   e. Witnesses at any deposition or other proceeding in this action.

5. <u>Limitations on Access to Documents Designated "ATTORNYES EYES ONLY CONFIDENTIAL MATERIAL."</u>

Unless otherwise ordered by the Court or permitted in writing by the designating party, access to "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL", documents, testimony, information or material shall be limited to:

   a. Outside counsel of record in this litigation for the Party receiving the materials, as well as employees of said counsel to whom it is reasonably necessary to

disclose the information for this litigation and who have signed the "Confidentiality Agreement" that is attached hereto as Exhibit A;

   b. The Court and its personnel;

   c. Reporters, their staff, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Confidentiality Agreement" that is attached hereto as Exhibit A;

   d. Any other person(s) only with the express written permission of the producing/designating Party, which shall not be unreasonably withhold to whom disclosure is reasonably necessary for this litigation and who have signed the "Confidentiality Agreement" that is attached hereto as Exhibit A.

  6. <u>Duration.</u>

Once a case proceeds to trial, all of the information that was designated as confidential or maintained pursuant to this Protective Order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial and in compliance with the Court's Scheduling Order. See *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this Protective Order to not extend beyond the commencement of the trial.

  7. <u>Designation of Confidential Material</u>.

Designation as "CONFIDENTIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" pursuant to this Protective Order may be accomplished by stamping the word "CONFIDENTIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" on the face of a multiple-page document if the document is bound. If the document is not bound, designation of a document as "CONFIDENTIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL"

may be accomplished by stamping or otherwise marking each page of the confidential document as "CONFIDENTIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL." The Parties may designate documents previously produced in the litigation to date as "CONFIDENTIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" by providing written notice to the other party of the designation and identifying the documents that the Party wishes to designate as "CONFIDENTIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" by Bates Numbers.

8. <u>Designation of Deposition Testimony as Confidential</u>.

Defendants, Plaintiff, or any third party as to testimony given by the third party at the deposition, may designate deposition testimony as "CONFIDENTIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" by stating on the record at the deposition, or in writing within 30 days after the receipt of the deposition transcript, that specified testimony is confidential. During the interim 30 day period, transcripts will be treated as "CONFIDENTIAL" under the terms of this Order.

9. <u>Designation of Discovery Responses as Confidential</u>.

Defendants, Plaintiff, or any third party as to information given by that party in response to information requests, may designate as "CONFIDENTIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" any specific responses to information requests by labeling the specific response "CONFIDENTIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL."

10. <u>Use of Confidential Documents or Information in Court Filings</u>.

In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "CONFIDENTIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion can be segregated) under seal; and the application shall be directed to the judge to whom the papers are directed. For

motions, the Parties shall publicly file a redacted version of the motion and supporting papers as well as an unredacted version conditionally under seal.

11. <u>Disclosure to Experts, Witnesses and Dispute Resolution Providers</u>. "CONFIDENTIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" documents, testimony, information or material shall not be disclosed to any expert or consultant (as defined in Paragraph 4(b)) or any dispute resolution provider (as defined in Paragraph 4(c)) or any witness at any deposition or other proceeding in this action unless and until such person is given a copy of Exhibit B to this Order. Upon receipt of Exhibit B, which recites this Order's restriction on the use of "CONFIDENTIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" documents, the expert or consultant (as defined in Paragraph 4(b)) or any dispute resolution provider (as defined in Paragraph 4(c)) or any witness at any deposition or other proceeding will become bound by this Order.

12. <u>Limitation on Copies of Confidential Information</u>.

No party shall, for itself or for any person or persons acting on its behalf, make more copies of any "CONFIDENTIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" information or material than are reasonably necessary to conduct this litigation.

13. <u>Storage of Confidential Information</u>.

Except as otherwise provided for in this Protective Order in Paragraph 4(a)-(e), all "CONFIDENTIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" information and material shall remain in the possession of counsel for the respective Parties or their experts or consultants (after compliance with Paragraph 11) and be stored in a secure place.

14. <u>Challenge to Confidential Designation</u>.

If Defendants, Plaintiff, or any third party objects to the designation of any document, testimony, information, or material, the Parties, in compliance with Local Rule 37-1, shall attempt to resolve the dispute in good faith on an informal basis. If the Parties

are unable to resolve the dispute informally within ten (10) business days after the time the informal notice is received, in compliance with Local Rule 37-2 **and the standing order of the assigned Magistrate Judge**, the objecting party may apply to the Court for a ruling that the document, testimony, information, or material shall not be so treated.  In any proceeding to release confidential material from its designation, or to change the designation of any such material, the burden shall be upon the designating party to establish that good cause exists for the disputed information to be treated as described in Paragraphs 4, 5, or 6 under Fed. R. Civ. P. 26(c).  If the objecting party files a timely motion, the material shall continue to be remain protected under the terms of the Protective Order until the Court rules on such motion.

15. <u>Return of Confidential Information Upon Resolution of the Lawsuit</u>.

Upon termination of this litigation, all originals and copies of "CONFIDENTIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" documents, testimony, information, or material (and all summaries thereof) shall be returned to counsel for the producing party(ies) or destroyed, except that counsel for the Parties may keep one copy of such documents, testimony, information, or material for their records.  If "CONFIDENTIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" documents, testimony, information, or material (and all summaries thereof) is destroyed rather than returned, counsel responsible for destruction must verify to counsel for the producing party(ies) that said documents have been destroyed within 10 days of termination of this litigation.

16. <u>Additional or Different Protection for Confidential Information</u>.

Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

17. <u>Modification</u>.

This Protective Order may be modified by the Court at any time for good cause shown following notice to both Parties and an opportunity for them to be heard. This Order shall survive the final termination of this action, to the extent that the Confidential Information is not or does not become known to the public.

It is so stipulated.

Dated: August 11, 2016              SCHIMMEL & PARKS.


By:  /s/ Alan I. Schimmel
    Alan I. Schimmel
    Michael W. Parks
    Stacey R. Cutting


Attorneys for Plaintiff
KIMBERLEY COLVIG

Dated: August 11, 2016              JACKSON LEWIS P.C.


By:  /s/ Hazel U. Poei
    Yvonne Arvanitis Fossati
    Hazel U. Poei

Attorneys for Defendant
MARIANNA INDUSTRIES, INC. ET AL

# EXHIBIT A

# CONFIDENTIALITY AGREEMENT

1. My name is_____.

2. I have read the Protective Order (the "Order) that has been entered in the matter of *Kimberley Colvig v. Marianna Industries, Inc et al.*, USDC Case No. 2:15-CV-09070-ODW-GJS, a copy of which has been given to me. I understand the provisions of this Order and agree to comply with and to be bound by its provisions. I submit to the jurisdiction of this Court for purposes of enforcing any of the terms or provisions of the Order.

3. I declare under penalty of perjury under the laws of the United States and the state of California that the foregoing is true and correct.

Executed this _____ day of _____, 201__, at _____.

_____
Signature

Affiliation:
_____

Business Address:
_____

Home Address:
_____

 DATED this ____ day of _____, 201__.

# EXHIBIT B

# NOTICE OF PROTECTIVE ORDER

1. You are being provided with a copy of this Notice of Protective Order ("Notice") to advise you that a Protective Order ("Order") has been entered in the matter of *Kimberley Colvig v. Marianna Industries, Inc. et al.*, USDC Case No. 2:15-CV-09070-ODW-GJS. By order of the Court, you are bound by the Order upon receipt of this Notice.

2. The purpose of the Order is to ensure that both Parties in this action are in a position to produce documents in the litigation while still protecting their confidential, proprietary and trade secret information and pursuing steps to minimize, if not eliminate, any violation of third party privacy rights due to the disclosure of third party information.

3. Accordingly, pursuant to the Order, any documents which you receive and/or review which are designated as "CONFIDENTIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" shall be held in strict confidence and shall be used solely for the purposes of prosecution, defense, or settlement of this action and for no other purpose. Confidential Information shall not be used in any other lawsuit, action, or other matter.

# [~~PROPOSED~~] ORDER

Having reviewed the foregoing Protective Order, and for good cause shown, the Court hereby makes the Protective Order, **as modified above by the Court (additions in bold text)**, the Order of the Court.

**IT SO ORDERED.**

Dated: September 12, 2016

_____
GAIL S. STANDISH
UNITED STATES MAGISTRATE JUDGE

4842-6182-3543, v. 1